## THE BATTLER.

### (District Court, E. D. Pennsylvania. November 14, 1893.)

#### No. 115.

1. SHIPPING—LIMITATION OF LIABILITY—INTEREST.

Owners who surrender a vessel for the purpose of limiting liability cannot be required to add interest on her appraised value from the time the liability was incurred, although they have long delayed the surrender.

2. SAME—GIVING BOND FOR VALUE.

Where the owners, instead of turning over the vessel herself, or paying her appraised value into court, elect to give a bond therefor, they may be required to provide for interest until such time as the money is paid.

In Admiralty. Petition by the owners of the steam tug Battler for limitation of liability in respect to the loss of the barges Tonawanda and Wallace. A libel against the tug was sustained, June 2, 1893. See The Battler, 55 Fed. Rep. 1006.

J. Rodman Paul and N. Dubois Miller, for owner of the Battler.
Henry Flanders and Edward F. Pugh, for owners of barges sunk.
John F. Lewis, for Western Assurance Co.

BUTLER, District Judge. The compensation earned by towage and salvage services is not "freight." The claim to have interest added to the appraised value of the vessel from time of the sinking of the barges Tonawanda and Wallace to this date, cannot be sustained. No case is found in which such a claim was allowed, or made. In The City of Norwich, 118 U. S. 492, [6 Sup. Ct. Rep. 1150,] and The Benefactor, 103 U. S. 239, there was equal reason for such a claim. The terms of the statute and the rules prescribed in pursuance of it, seem to forbid the demand. Assuming that the owners have not forfeited their rights by delay, as I do at present, (the question not being raised,) they are entitled to a discharge on turning over the vessel, or paying her value into court. It is proper, however, that they should provide for the payment of interest on her value until such time as the money is paid, if they prefer to give bond, instead of paying it at present. I have no doubt of the court's power to require this. It was so decided in Re Harris, by the circuit court of appeals (2d Circuit, 57 Fed. Rep. 243.) The petitioners must therefore either turn over the vessel, pay in her appraised value, or enter into stipulation to pay it with interest, at such time as it may be required.