## SMITH v. BOOTH et al.

(District Court, S. D. New York. December 27, 1901.)

ADMIRALTY—LIMITATION OF LIABILITY—INTEREST WHERE DEFENSE IS SET UP
BY ANSWER.

> Where a shipowner in a suit in personam sets up his statutory limita-
> tion of liability in his answer, but the vessel is not surrendered, nor an
> appraisement had or bond given, he is chargeable with interest on the
> value of the vessel as it was at the time of or immediately after the
> injury sued for.[1]

In Admiralty. On settlement of decree.

Butler, Notman, Joline & Mynderse, for libelant.
Avery F. Cushman, for Commercial Lighterage Co.

ADAMS, District Judge. This was an action in personam to re-
cover against Henry P. Booth damages for loss of cargo. The
Commercial Lighterage Company, as owner of the lighter Mary
Elizabeth, was brought in upon the petition of Booth, and by answer
presented a defense of limitation of liability. There was no sur-
render of res nor appraisement and bonding under rule 54 (11 Sup.
Ct. v.). The answer alleged:

"Fourth. If the facts alleged in the petition be true, and the respondent
the Commercial Lighterage Company, as the owner of the lighter Mary
Elizabeth, be charged with the damages set forth in the libel, then the lia-
bility of the Commercial Lighterage Company, as owner of the said lighter,
is limited to the value of the said lighter at or immediately after the acci-
dent mentioned in the libel and petition, and her pending freight, which
value did not exceed the sum of $300; that there is no pending freight; and
that there are no other claims against the said respondent growing out of
the voyage of the said lighter mentioned in the libel."

The libelant succeeded in the action, and it was determined that
the lighterage company was entitled to a limitation of liability. 110
Fed. 680. The value of the Mary Elizabeth was found to have been
$300. Upon a settlement of the decree, it is contended by the light-
erage company that its liability is strictly limited under the act to
$300, and that it cannot be required to pay interest. The act pro-
vides (Rev. St. U. S.):

"Sec. 4283. The liability of the owner of any vessel * * * shall in no
case exceed the amount or value of the interest of such owner in such vessel,
and her freight then pending."

In case of a surrender of the vessel, an exact compliance with the
act can be had, and the liability of the owner then ceases. Where,
however, the owner obtains an appraisement under the rules, it is
established that the bond to be given should bear interest as a sub-
stitute for the benefit a surrender of the vessel would be to those
entitled to it. The Favorite (D. C.) 12 Fed. 213; In re Harris, 6
C. C. A. 320, 57 Fed. 243; The Battler (D. C.) 58 Fed. 704. The
precise point here involved has not, apparently, been decided, but
it seems clear that a shipowner who resorts to an answer to estab-

[1] Limitation of shipowner's liability, see note to The Longfellow, 45 C. C.
A. 387.

lish his limitation should not be in a better position than where he ,surrenders the vessel or gives a bond, and, in a case of this kind, should be required to pay interest on the value of the vessel as it was at the time of or immediately after the accident.

The proposed decree covering interest will be signed.