## THE KLOTAWAH.

### (District Court, N. D. New York. January 12, 1914.)

SHIPPING (§ 209*)—SUIT FOR LIMITATION OF LIABILITY—PLEADING AND PRO-
CEDURE.

In a suit for limitation of liability, the court will not determine peti-
tioner's liability and right to limitation before passing on an appraisal of
the vessel and stipulation for value, nor have damage claimants any stand-
ing to raise or contest such issues until they have been brought in· by
monition,· presented their claims, and answered the petition as permitted
by admiralty rule 56 (13 Wall. xiii).

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659,
661, 662; Dec. Dig. § 209.*]

In Admiralty. Petition by Edson Bradley, owner of the steam yacht
Klotawah, for limitation of liability. On application for order affirm-
ing appraisal, approving stipulation with sureties for payment into
court, and directing that monition issue. Order granted.

Smith & Phelps, of Watertown, N. Y., for petitioner Bradley.

Breen & Breen, of Watertown, N. Y., for respondents.

RAY, District Judge. The question particularly involved at present
is whether the court shall try the question whether the Klotawah was at
fault in doing the damage complained of "without the knowledge or
privity" of the owner, Edson Bradley, prior to confirming the appraisal
of the vessel, approving the stipulation to pay its value into court, and
directing that monition issue, or after making such orders.

The petitioner, Edson Bradley, is the owner of the steam yacht
Klotawah. On or about the 30th day of July, 1913, when said vessel
was navigating the St. Lawrence river in the vicinity of Alexandria
Bay in the charge of a pilot or master, the owner being on board, it
collided with the yacht Frances owned by the respondents, George R.
Cornwall, Riley H. Perry, and Walter C. Smith, doing her great dam-
age so that she sank. There was an engineer on board who went into
the water. Thereafter the said owners of the Frances brought action
in the Supreme Court of the state of New York against said Edson
Bradley to recover the damages alleged to have been sustained by them
by reason of the damage to the said yacht (laid at the sum of $3,000),
and which they claim was caused by negligence for which Bradley is
responsible and which is charged in the following language:

"Plaintiffs further allege that the defendant was guilty of negligence in
that he did not employ a competent navigator or captain to operate or navi-
gate his said vessel Klotawah, but, to the contrary, employed and had in
charge of said vessel as captain or navigator at the time of the said accident,
a person who was addicted to the excessive use of intoxicants, and was at
the time of the collision, as plaintiffs are informed and believe, intoxicated
and unable and unfit to navigate the said vessel Klotawah; that the said cap-
tain or navigator was also physically disabled by reason of failing or defec-
tive eyesight, and for that reason was not a competent or proper person to
have the charge of said vessel or competent to navigate the same; that in
the vicinity where the above accident occurred many boats and small craft
were navigating the waters of the St. Lawrence river daily, and it was neces-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sary in order to navigate the Klotawah properly and with safety that the navigator should be in possession of all his faculties."

Bradley thereupon instituted this proceeding for limitation of liability under the provisions of sections 4283, 4284, and 4285, of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 2943, 2944) and the admiralty rules applicable, by filing his petition, procuring the appointment of appraisers, and an appraisal, etc., on notice, and now on such proceedings and the appraisal and on presenting the proper stipulation moves for orders confirming such appraisal, approving the stipulation to pay the appraised value of the yacht which did the damage into court, and directing the issue and service of a monition, etc.

The respondents above named, owners of the Frances, appear and contest the application by presenting and filing affidavits tending to show that Bradley was on board his yacht, the Klotawah, at the time of the collision, and had to do more or less with the course and management of same at the time, and that the master and pilot in charge had defective vision and was under the influence of liquor and a drinking man and was therefore an incompetent master, and that the petitioner Bradley knew these facts, and such respondents claim that, as this incompetency, known to Bradley, and Bradley's active participation in navigating the yacht at the time, brought on or resulted in the collision and damage, it cannot be said that the loss, damage, etc., was incurred "without the privity or knowledge" of Bradley, the owner, and that he is not entitled to the benefits of the sections of the Revised Statutes referred to. Such respondents claim that this question should be heard and determined on affidavits preliminary to the granting of the orders prayed for and not on the return of the monition, etc. I do not think this should be done, or that it properly can be done. The institution and pendency of this proceeding may be pleaded as a bar in the action in the state court, or this court may stay further proceedings in the action in the state court until this proceeding is disposed of. Norwich Co. v. Wright, 13 Wall. 104, 125, 20 L. Ed. 585. The vessel itself is not seized or put in the possession of the court, but an appraisal is made on notice (which in this case was given), and thereupon, and before proceeding further, this appraisal must be confirmed so as to determine the sum to be paid into court or for which a stipulation shall be given. If the appraisal is confirmed, the owner pays into court the amount thereof or gives the stipulation to pay it when required. These are the questions on that part of the application. All interested parties may appear and object to the appraisal or the sufficiency of the stipulation offered. If the appraisal is confirmed and the stipulation approved and filed, and the proceedings are regular, then the monition issues as matter of course, and all who come in and file claims may then answer the petition and put all its allegations at issue, and one issue, and possibly the main issue in some cases, will or may be: Was the damage done "without the privity or knowledge of such owner or owners"?

This proceeding is regulated by rule 56 of "supplementary rules of practice in Admiralty under the act of March 3, 1851, entitled an act

to limit the liability of shipowners and for other purposes," and which rule is found, page xiii, 13 Wall. It reads as follows:

"56. In the proceedings aforesaid, the said owner or owners shall be at liberty to contest his or their liability, or the liability of said ship or vessel for said embezzlement, loss, destruction, damage, or injury (independently of the limitation of liability claimed under said act), provided that in his or their libel or petition, he or they shall state the facts and circumstances by reason of which exemption from liability is claimed; and any person or persons claiming damages as aforesaid, and who shall have presented his or their claim to the commissioner under oath, shall and may answer such libel or petition, and contest the right of the owner or owners of said ship or vessel, either to an exemption from liability, or to a limitation of liability under the said act of Congress, or both."

See, also, 2 Rose's Code of Fed. Proc. § 1304, p. 1190.

Under this rule all claimants must come in under the monition and file their claims and then, being a party, each may file an answer and contest all the questions including that of the right of the petitioner to maintain the proceeding. If it should be determined that the loss or damage was, in fact, incurred with the privity or knowledge of the owner, then he would not be entitled to limitation of liability, and his petition would be denied. Until the monition issues and the time to come in and answer has expired, it cannot be known who will come in and contest, and a trial of the main question prior to that time if had between one or two claimants and the petitioner might have to be gone through with again on the coming in of another or of other claimants. This is made clear in The Pere Marquette 18 (D. C.) 203 Fed. 127, where it is held:

"Under admiralty rule 56 (29 Sup. Ct. xlvi), which provides that, in a proceeding by a shipowner for limitation of liability, any claimant of damages 'who shall have presented his or their claim to the commissioner under oath, shall and may answer such libel or petition and contest the right of the owner or owners of said ship or vessel either to an exemption from liability or to a limitation of liability,' a person who has not so presented a claim has no standing as a claimant to answer the petition."

The court also says:

"Such proceeding has for its object the bringing into the admiralty court all claimants, to the end that, if exemption is granted or liability limited, all will be bound."

See, also, Re Davidson S. S. Co. (D. C.) 133 Fed. 411.

It is clear, I think, that the question whether the petitioner is entitled to limitation of liability should be tried once only and when all claimants are before the court. If the right thereto is sustained, then the various claims are proved and distribution made by a final decree; the former being interlocutory. The parties hereto will find valuable information as to the meaning of the words "privity" and "knowledge" of such owner or owners, in La Bourgogne, 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973; The Annie Faxon, 75 Fed. 312, 21 C. C. A. 366; The Pere Marquette (D. C.) 203 Fed. 127, 131; The Colima (D. C.) 82 Fed. 665, 679. In The Colima, supra, Judge Brown said:

"The knowledge or privity that excludes the operation of the statute must therefore be in a measure actual, and not merely constructive; that is, actual through the owner's knowledge, or authorization, or immediate control of the

wrongful acts, or conditions, or through some kind of personal participation in them. The Republic, 9 C. C. A. 386, 61 Fed. 109, 112, 113, and cases there cited."

In La Bourgogne, supra, the court held:

"Mere negligence of the officers and crew of a vessel, pure and simple and of itself, does not necessarily establish the existence on the part of the owner of the vessel of privity and knowledge within the meaning of the limited liability act of 1851 as re-enacted in sections 4282–4287, Rev. Stat. [U. S. Comp. St. 1901, pp. 2943, 2944]. The Main, 152 U. S. 122 [14 Sup. Ct. 486, 38 L. Ed. 381] distinguished."

The orders now prayed for are granted, and the granting of same is in no sense an adjudication or holding that the collision and damage was without or with the knowledge or privity of the owner. That issue can be raised by the answer of the respondents and all other claimants who file claims pursuant to the monition. It will then be tried once for all. There will follow an interlocutory decree after which the value of the vessel or money paid into court will be apportioned to the claims established.