## THE KEARNY.

### In re NEWARK EXPRESS & TRANSPORTATION CO. et al.
### No. 13609.

District Court, E. D. New York.
April 13, 1933.

David M. Fink and Jacquin Frank, both of New York City, for claimant.

Alexander, Ash & Jones, of New York City, for petitioner.

INCH, District Judge.

Motion to dissolve a restraining order issued by this court in proceedings to limit liability.

On January 27, 1932, Thomas Johnsen, a deckhand on the steam lighter Kearny, was hurt. He claims he was injured by being "crushed between the said steamlighter and a vessel lying in the harbor of New York."

On September 23, 1932, he commenced a common-law action against the owner and operator of the said steam lighter by service of a summons and complaint in the state Supreme Court, Kings county. On October 15, 1932, that defendant duly answered, and the action was duly noticed for trial, and an application for a preference was made and granted for a trial on January 16, 1933.

A little more than a week before the said trial would have been reached, and on January 5, 1933, the said owner of the steam lighter duly filed in this court its petition for limitation and exoneration of liability. The usual restraining order was issued which has resulted in thus far preventing the trial at common law.

On January 16, 1933, Johnsen filed a claim in this limitation proceeding in the sum of $50,000, based on the same cause as set forth in his complaint. On February 23, 1933, the time for other claimants to file,

which had been February 15, 1933, was duly closed by an order of this court noting the default of all other claimants.

The commissioner thereafter reported that the only claim filed was that of Johnsen. There is nothing in the papers to indicate that there are any other claims.

Johnsen now wants to try his action in the state court. He asks that the restraining order be dissolved or modified to permit him to do so.

The petitioner objects and insists on Johnsen proving his claim in the admiralty proceeding.

This clash of rights has repeatedly been before the courts. It seems to me the law has been established by the Supreme Court as to most, if not all, of the situations presented by such conflict.

In the first place Johnsen, as a deckhand, has a right to a common-law action, with trial by jury. Panama R. Co. v. Vasquez, 271 U. S. 557, 46 S. Ct. 596, 70 L. Ed. 1085, title 46 U. S. C. § 688 (46 USCA § 688) section 24 (3) Judicial Code, title 28 U. S. C. § 41 (3), 28 USCA § 41 (3).

On the other hand, the owner of the vessel has a right to limit its liability, on proof of certain facts, to its interest in that vessel. R. S. § 4283, title 46 U. S. C. § 183 (46 USCA § 183).

The mere fact that there is but one claim filed, provided it is large enough, does not affect the situation. White v. Island, etc., Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993.

The Supreme Court has held that a right to trial by jury, thus here given to Johnsen, should not be arbitrarily taken away by the exercise of the admiralty right of petitioner. Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520.

Somewhat later the Supreme Court, by a supplemental decision (Ex parte Green, 286 U. S. 437, 52 S. Ct. 602, 76 L. Ed. 1212), declared that this admiralty right was dominant, provided it was contested by a plaintiff.

In the case before me, it is indicated by the pleadings and other papers that Johnsen does not contest this admiralty right of petitioner, and his counsel goes further and expressly agrees by brief and in open court that Johnsen will not, in any way, question this right of petitioner to limit. It is upon this express consent that this decision is made. If not correct, the whole matter belongs here

(Ex parte Green, supra), and the stay continued.

I shall assume, therefore, that the right to limit is conceded by Johnsen.

However, counsel for plaintiff, although he concedes this right to limit, and that this means that the liability, if any, of the defendant (petitioner) must be limited to the value of the steam lighter, nevertheless asserts that Johnsen has the right to submit to the common-law jury for its determination not only the question of petitioner's negligence but also the question of the value of the petitioner's interest in the vessel. In fact, this is the real controversy between the parties.

There is no agreement here on the value of the steam lighter such as existed in the case of the vessel in Ex parte Green, supra. The question therefore is presented, To what court shall the important question of the value of the interest of the owner be presented, the right to so limit liability being conceded?

To be sure, such value has to be determined by evidence, and it may be that twelve men would determine this as accurately as one, aside from technical experience.

However, this issue could not be presented to the trier of the facts, either a judge or a jury, under equal circumstances. If it is presented to a judge, this is the sole issue presented for his determination, and in admiralty is presented first (The Klotawah [D. C.] 210 F. 677, 678); the liability of petitioner having been determined elsewhere or later. If presented to a jury, they have at the same time had presented to them the question of negligence of defendant, with the result that a very natural and decided temptation arises to avoid modifying or affecting their verdict by improperly finding the value of the fund from which the compensation for the damages found by them is to be paid.

The question whether the injunction should be dissolved or modified rests upon the "exercise of a sound discretion" of the court. Langnes v. Green, supra.

Unless there is a proper reason for submission of this question of value to a jury, the danger indicated seems to me to justify the exercise of that discretion against submitting it to a jury. The suggestion that a jury would be inclined to fix a higher value than a court rests on no basis of fact, for what is to be determined is the true value of the owner's interest.

Nor does the trial of the issues raised by plaintiff in his action require a submission to

the jury of the financial responsibility of the defendant or the size of the fund from which the judgment is to be paid.

In fact, such issues are improper for a jury to consider in determining whether a defendant is liable for negligence and the extent of damage sustained for which compensation must be paid.

I can see no reason, therefore, for believing that the right of the plaintiff to present his issues in the common-law action is diminished or properly affected in any way by a failure to allow a jury to discuss the means of defendant for paying the compensation which the jury has determined.

The judgment entered upon their verdict stands as the plaintiff's basis "for pro rata division when the condemned fund is distributed." The Benefactor, 103 U. S. 239, 244, 26 L. Ed. 351.

It is likewise said in The Benefactor, supra: "The flexibility of admiralty proceedings will enable the court, in most cases, so to shape their course as to attain justice between the parties." Page 244 of 103 U. S., 26 L. Ed. 351.

The justice, in fact, the very purpose in the admiralty proceeding, is to limit the liability of the owner to the true value of his or its interest in the vessel. No unnecessary surrounding circumstances should be permitted which might affect the ascertainment of such true value.

As has been said, "the proceeding is for the purpose of limiting liability, and this presupposes that a certain liability will not be exceeded; that is, that there be no personal liability beyond that of the res involved." The Aquitania (C. C. A.) 20 F. (2d) 457, 458.

This alone seems to me to be sufficient for not departing from the admiralty proceeding in this step.

Moreover, the admiralty law has long indicated a particular procedure for the ascertainment of this value of the owner's interest. The Klotawah (D. C.) 210 F. 677–678; The Battler (D. C.) 58 F. 704; Benedict on Admiralty (5th Ed.) vol. 1, p. 580; Admiralty Rules of the Supreme Court, Rule 51, title 28 USCA § 723, page 408, Admiralty Rule 33, Eastern District.

This procedure differs from a submission of such question to a jury. It is an integral part of the admiralty proceeding for the limitation of liability.

Unless the owner surrenders his vessel and substitutes therefor by payment in the court or by stipulation the true value of his interest in the vessel, such owner is not entitled to limit his liability. So, in The Aquitania, supra, it was held that, if there was no possibility of claims equaling the ship's value, there was no right to limit liability.

It is unnecessary to discuss the question, indicated but not raised here by counsel, whether a concession of the right to limit must necessarily include this right to ascertain in the admiralty court and, according to its procedure, the value of this interest of the owner, or otherwise it will not be deemed a proper concession, and might be considered an objection to the right to limit sufficient for this court, in the exercise of sound discretion, to retain the whole matter, for the reason that on this motion the plaintiff concedes this right to limit, and the court is not made aware of any resistance to this method of ascertainment of value other than the argument that counsel believes plaintiff has the right to submit the question of value to a jury, which claim may be hereafter withdrawn in view of this decision.

Neither the briefs of counsel for either party contain any decision on this precise point nor, in the time allowed, have I been able to find any reported decision. On October 31, 1932, apparently without serious objection, this court did enter an order in a limitation preceeding along the line indicated here. In re Atlantic Lighterage Corp. Ad. 1267 E. D.

Accordingly, the motion for an order modifying the restraining order is granted to the extent of allowing the plaintiff in a common-law action to duly try his action in the state court and enter judgment, should he succeed therein, upon condition, however, that prior to the trial thereof said plaintiff file in the clerk's office of this court a duly acknowledged consent to the petitioner's right to limitation of its liability, which shall include the petitioner's right to have fixed the value of petitioner's interest in the vessel in accordance with the procedure of the admiralty court.

Settle order on notice.