**In re TWENTY GRAND OFFSHORE, INC., Plaintiff, owner of Tug EL MULO GRANDE, Official No. 505240, in an action for exoneration from or limitation of liability.**

**No. 70–591–Civ.**

United States District Court,
S. D. Florida.
June 8, 1970.

Richard F. Ralph, Miami, Fla., for plaintiff.

## MEMORANDUM OPINION AND ORDER

FULTON, Chief Judge.

Plaintiff, Twenty Grand Offshore, Inc., as owner of the tug El Mulo Grande has instituted this cause seeking exoneration from or limitation of liability. The limitation complaint in compliance with Rule F(2) refers to prior claims made against plaintiff by West India Carriers, Inc., charterer of the Barge "Wisco Ranger", for indemnity in respect to a pending salvage action and a suit by Hasam Realty against the Barge, Carriers, plaintiff, and plaintiff's tug, for alleged damages to beach groins and loss of beach of the Diplomat Hotel. The complaint further alleges that claim for damage to the Barge is also anticipated.

Plaintiff, in lieu of an Ad Interim Stipulation and with the agreement of Carriers and Hasam, has furnished a letter of undertaking on behalf of its Underwriters in " *  *  * the sum of THREE HUNDRED SIXTY THOUSAND AND NO/100THS DOLLARS ($360,000.00) and freight then pending *  *  *".

The Affidavit of Vessel Value presented by plaintiff expresses the belief of a Marine Surveyor that the fair market value of the tug on the date of the Affidavit and on October 30, 1969, " *  * is no more than $360,000.00." No Affidavit dealing with the existence or amount of pending freight was filed.

The Complaint, in paragraph 3 alleges inter alia, that the tug on October 30, 1969, was en route on a voyage from Ponce, Puerto Rico, to West Palm Beach, Florida, when the towing hawser parted

and the barge drifted shoreward fetching up on the beach causing damages to the groin systems, the beaches, and to the Barge itself.

Paragraph 5 of the complaint alleges, "The value of the M/V EL MULO GRANDE, her tackle, apparel, equipment, etc. and pending freight as of October 30, 1969, did not and does not exceed the sum of $360,000.00."

This cause was subsequently transferred to this Division of the Court in which the referred to salvage and Hasam causes are pending. Copies of the Notice of these limitation proceedings were served on Hasam and Carriers as required by Rule F(4).

Carriers has filed a Motion for More Definite Statement, asking that plaintiff, pursuant to Rules 12(e) and F(2), be required to furnish a More Definite Statement of: A. The place and date of the termination of the voyage, if any, on which the demand sought to be limited arose; B. The value of the El Mulo Grande at the close of the voyage; and, C. The amount of any pending freight recovered or recoverable. Carriers further moved for Additional Time to Claim and Answer. Hasam has joined in these motions.

Plaintiff has now moved to Strike a Request for Admissions previously served by Carriers dealing with the authenticity of an attached towage agreement

Plaintiff resists the Motions of Carriers and Hasam by asserting: (1) They are not parties prior to filing a claim; (2) Rule 12 Motions may not be addressed to a limitation complaint prior to the movant filing a claim; and (3) Its complaint complies with Rule F(2). Plaintiff also asserts the first two grounds in support of its Motion to Strike Carriers' request for admissions.

These Motions are now before the Court for a decision after consideration of the memoranda of law submitted by the parties and after having heard argument of counsel.

### Carriers and Hasam as Parties

It appears clear to the Court that Carriers and Hasam entered appearances and became parties to this limitation cause by the filing of their pleadings. They are identified in the Complaint as parties possessing anticipated and previously asserted claims in reference to identified interests; this Court's Notice encompasses all possible claimants and these in particular; the plaintiff has served the notice of the proceedings upon them; and Carriers and Hasam have entered an appearance and thereby submitted their persons to the jurisdiction of the Court over this limitation proceeding so long as that jurisdiction exists and they remain under pain of default and this Court's injunction.

It further appears to the Court that even if the party or his interest were unknown to the limitation plaintiff or not identified in the complaint, there is no real fear of interlopers represented by counsel, Rule 11, and in view of available discovery by plaintiff. A limitation proceeding is a mixed sea in which all parties sail and partake both as plaintiff and defendant in terms of the related issues and more usual common law labels and burdens of proof.

### Rule 12 Motions Prior to Claim

Plaintiff's position has not improved since what appears to be the landmark decision of E. I. DuPont de Nemours & Co., Inc. v. Bentley, et al., [The William T. Donnelly and Barges] (2d Cir., 1929) 19 F.2d 354; 3 Benedict on Admiralty (Knauth, 6th ed.) § 523, p. 556. It was there held that the filing of a limitation claim was not a prerequisite to the filing of exceptions to the limitation petition. Rule F(5), as did former Admiralty Rule 53, contemplates a prior or contemporaneous claim as a prerequisite to an answer contesting the plaintiff's right to limitation of liability. The Pere Marquette 18 (D.C.E.D.Wis. 1913) 203 F. 127, and 3 Benedict on Admiralty (Knauth 6th ed.) § 517, p. 538,

cited by plaintiff hold, in keeping with the language of both former Admiralty Rule 53 and the present Rule F(5), only that the filing of a limitation claim is a prerequisite to the filing of an Answer. Plaintiff also relies on The Klotawah (D.C.N.D.N.Y., 1914) 210 F. 677, where parties prior to both claim and return day sought to try the merits on Affidavits. It does not apply to the issue here. This is inherent in the observation of the Court of Appeals in the subsequent opinion in *Bentley, et al. supra,* that the question for decision so far as it could find had never been expressly bruited before. The Klotawah, *supra,* does point up the distinction between preclaim Rule 12 Motions and other preclaim Motions where the absence of the right to limit as to any possible claimant may appear from the face of the limitation complaint. Res adjudicata considerations require a claim and expiration of the return day where an absence of the right to limit may be peculiar to a particular claimant and to which question other claimants are entitled to be heard, c. f. Rule F(8).

The Rule 12 Motions of Carriers and Hasam prior to their having filed claims are no less a proper practice under the present unified Rules than were exceptions under the prior practice.

### Merits of the More Definite Statement Motion

These motions seek to require the plaintiff to furnish subject matter made requisite to a limitation complaint by express, disjunctive provisions of Rule F(2) and should be granted. Such a complaint in compliance with Rule F(2) is contemplated by Rule F(1) and (3).

The provisions of Rule F(2) expressly delineate the items in question, not only in terms of the general issues but also in reference to separate vessel and pending freight values, including calculation in terms of the voyage, together with identity of the alleged voyage in reference to which relief is sought.

These matters are germain to the adequacy of the Ad Interim Security and the injunctive relief afforded the plaintiff pursuant to Rule F(3). The claimants are entitled to a separate statement of the vessel and pending freight values.

The mere allegation of the instant occurrence does not necessarily give rise to a conclusive presumption that the voyage then and there terminated. The specific requirements of Rule F(2) in these respects differ in their particularity from the more liberal notice pleading of Rule 8 and at least compare with the particularity required in averments of fraud or mistake by Rule 9(b).

Rule F(5) contemplates, at least initially, an option on the part of a claimant to file a combined claim and answer. As a claim is a prerequisite to an answer, the time for Carriers and Hasam to claim and answer should be extended.

### Plaintiff's Motion to Strike Request for Admissions

This motion founders on plaintiff's asserted grounds that Carriers is not a party and cannot initiate discovery until it has filed its claim. The Court finds in Rules 26, 33, and 36, no provision expressly precluding a potential claimant the right to initiate discovery.

Detailed discovery may well go to both matters alleged in the complaint pursuant to Rule F(2), which may be material to the adequacy of Ad Interim Security, the true scope of the voyage, and other matters germain to either motions, claims, or answer.

It is therefore, ordered:

1. The motions for more definite statement are granted. Plaintiff to comply within 5 days from the date hereof. Movants to claim and answer within 20 days after service of plaintiff's more definite statement.

2. Plaintiff's motion to strike the request for admissions previously served by Carriers is denied.