THE AMERICAN TRANSPORT.

In re NEW YORK SCOW CORPORATION et al.

No. A–15387.

District Court, E. D. New York.
June 7, 1938.

584

Foley & Martin, of New York City, for petitioners.

Alexander A. Tausky, of New York City (Charles Glatzer, of New York City, of counsel), for claimant.

BYERS, District Judge.

Motion to dismiss petition in limitation filed by W. E. Hedger Transportation Company, for failure to allege that it may be deemed to be an owner within R.S. § 4286 (U.S.C. Title 46, § 186, 46 U.S.C.A. § 186); and to modify the restraining order in the limitation proceeding initiated by the New York Scow Corporation (owner) and Hedger jointly, so as to permit the claimant to proceed to trial in the State Court in which suit was started prior to the filing of the petition herein.

The claimant here brought his suit in the Supreme Court of this State to recover damages for personal injuries said to have been sustained while he was engaged in making repairs upon the barge American Transport on September 23, 1937.

The petitioners here served answers in that cause on January 27, 1938, and on or about March 25, 1936, this proceeding was duly initiated. A commissioner was appointed, and this claimant filed the only claim presented, and the time for other claimants to file expired on May 4, 1938.

The objection to the petition as to Hedger seems to be sound, although not presented in the form of an exception. The lapse in procedure will be overlooked, and the petition is held to be insufficient, with leave to amend.

The balance of the motion is opposed on the theory that Ex Parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212, and Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, have been superseded by the Amendment of June 5, 1936, 49 Stat. 1480 (Title 46 U.S.C. § 185, 46 U.S.C.A. § 185).

Reliance is had upon the concluding sentence of the section, reading: "Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

The prior statute (R.S. § 4285, 46 U.S. C.A. § 185), which dealt with the transfer by an owner of his interest, to a trustee, concluded as follows: "* * * from and after which transfer all claims and proceedings against the owner shall cease."

The addition of "with respect to the matter in question" seems to add a minimum of clarity to the statute.

If the matter in question be the right to limit, the expression has no influence in this case, for the claimant concedes that he will file in this court a duly acknowledged consent to the owner's right to a limitation of its liability.

If a broader meaning be assigned to the added words, the reasoning set forth in Langnes v. Green, supra, is not answered. The claimant cannot be deprived of his right to litigate his alleged cause in negligence, in the forum of his choice, where his claim is the only one presented, if this court is invested with the discretion which seems to be recognized in the decision of the Supreme Court, in the cited case.

Motion granted on condition that the consent referred to be filed, and that this court retains jurisdiction over the limitation proceeding, except to the extent that the claimant may proceed with the trial of his State Court action to judgment.

Settle order.