### THE PELHAM.

### Petition of DWYER LIGHTERAGE, Inc.

District Court, S. D. New York.

Oct. 30, 1946.

Macklin, Brown, Lenahan & Speer, of New York City, for petitioner.

Cohen & Fuchsberg, of New York City, for claimant.

LEIBELL, District Judge.

James L. Merritt, an employee of Spencer Kellogg and Sons, Inc., sustained personal injuries on July 20, 1945, while performing labor aboard the barge "Pelham" owned by Dwyer Lighterage, Inc. He claims that he had occasion to stand upon a hatch cover aboard the barge, that the hatch cover slipped and that he was precipitated into the hold. He alleges that the hatch cover was defectively constructed and maintained, in that it had sufficient leeway to slide from side to side.

On December 1, 1945 his attorneys served on the defendant a summons and complaint in an action in the New York Supreme Court, New York County, for $25,000. On December 28, 1945, the defendant filed its answer to the complaint. The action was noticed for trial for February 1946 and a jury trial was demanded.

On May 25, 1946, the Dwyer Lighterage, Inc., as owner of the barge "Pelham" filed

a petition in this Court for limitation of or exoneration from liability, and on that date a judge of this court signed an order restraining the further prosecution of Merritt's suit for personal injuries in the State Court. The customary monition issued to claimants and on September 6, 1946 Merritt filed a verified claim in the limitation proceeding and an answer to the petition of Dwyer Lighterage, Inc. Merritt's answer asked that the petition for limitation of liability be denied, that the petition for exoneration from liability be denied, that the injunction be vacated, and for other relief.

Subsequently Merritt moved this court for an order to dissolve the restraining order of May 27, 1946, to dismiss the petition for limitation of or exoneration from liability and to remit the cause to the Supreme Court, New York County. The motion was argued October 29, 1946. The basis for the motion is the contention that Merritt has a constitutional right to a jury trial of his claim in the State Court. He cites Langnes v. Green, 282 U.S. '531, 51 S.Ct. 243, 75 L.Ed. 520, decided February 24, 1931, which was again before the court in May 1932 under the title of Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. Both decisions were later discussed (April 1934) in Larsen v. Northland Transp. Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096. They do not sustain Merritt's contention when applied to the facts of this case. After those cases were decided the Limitation of Liability statute was amended, June 5, 1936, and as amended § 185 of Tit. 46 U.S.C.A. provides that upon compliance with the section "all claims and proceedings against the owner with respect to the matter in question shall cease." For a discussion of the purposes of the amendment see Petition of Goulandris, 2 Cir., 140 F.2d 780.

The owner, Dwyer Lighterage, Inc., appears to have complied with the provisions of § 185. The claimant, Merritt, by his answer to the petition, has put in issue the owner's right to a limitation of liability. Under the facts as presented there is no reason why the restraining order of May 27, 1946 should be modified or vacated. This court will retain jurisdiction of the limitation proceeding and of Merritt's claim therein.

Merritt's motion is accordingly denied. Settle order.