Petition of RED STAR BARGE LINE, Inc., et al.

The RED STAR 40.

No. 207, Docket 20511.

Circuit Court of Appeals, Second Circuit.
March 31, 1947.

Writ of Certiorari Denied June 16, 1947.
See 67 S.Ct. 1741.

Alexander & Ash, of New York City (Edward Ash and Sidney A. Schwartz, both of New York City, of counsel), for appellants.

Nachamie & Benjamin, of New York City (Leonard Bronner, Jr., of New York City, and Harold L. Haskin, of Hempstead, N. Y., of counsel), for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The question presented by this appeal is whether the district court abused discretion in vacating a previously granted restraining order and permitting the appellee to prosecute an action in the state court against the appellants and others, although the appellee had not formally admitted in the limitation proceeding the appellants' right to limit their liability to the value of the coalboat and its pending freight.

The appellants are the owner and charterer, respectively, of the coalboat "Red Star 40." On December 11, 1945 Arthur Force was in the employ of the charterer as bargee of the coalboat which lay in navigable waters at Pier 18, Jersey City, New Jersey. While the boat was being shifted to another berth by a tug which was neither owned nor operated by either of the appellants, the operation was so conducted that the bargee was knocked overboard and sustained injuries resulting in his death. His widow having made claim against the charterer of the coalboat, the appellants, within the time permitted by the statute, 46 U.S.C.A. § 185, filed their petition for limitation of, and exoneration from, liability and obtained an order for the issuance of a monition to damage-claimants and the usual restraining order against the prosecution of their claims except in this proceeding. Thereafter the bargee's widow, who had been appointed his administratrix by the Surrogate's Court of Nassau County, New York, moved to vacate the restraining order so that she might bring suit in the state court against the appellants and the owners and operators of the tug on the ground that decedent's injuries and death were caused by their negligence. Prior to making the motion she had neither filed

her claim in the limitation proceeding nor answered the petition which alleged that the accident happened without the petitioners' privity or knowledge. Her supporting affidavit stated that she did not intend to question the value placed by the petitioners upon the coalboat and its pending freight, but intended to bring suit for a sum in excess of such value; and that she intends to contest the petitioners' right to limitation "should that be necessary," but there will be no need to litigate the question unless she secures a judgment against the petitioners for an amount in excess of the limitation fund, and she "does not question" their "right to litigate the Limitation Proceedings in the Federal Courts." After hearing argument of counsel, the district judge granted the motion and signed an order which (1) dissolved the previously entered restraining order, (2) permitted the movant to commence and prosecute her contemplated action in the state court, (3) required her promptly to file her proof of claim in the limitation proceeding,[1] (4) extended her time to answer the limitation petition until after termination of the state court action, (5) conditioned the order upon her concession of the correctness of the limitation fund, i. e., $7,267 with interest from December 11, 1945, (6) stayed the petitioners from taking further steps in the limitation proceeding until final adjudication in the state court action, and (7) reserved jurisdiction of the petition to limit liability. From this order the petitioners appealed.

■ Since the accident resulted in only one possible claim against the limitation petitioners, the appellee's right to sue in a state court, where she can obtain the advantage of a jury trial, could not be doubted, if she had filed in the limitation proceeding her consent to the petitioners' right to limit liability, as was done in W. E. Hedger Transp. Corp. v. Gallotta, 2 Cir., 145 F.2d 870, 872. The appellants contend that she should have been required to concede their right of limitation as a condition precedent to any modification of the restraining order. It is true that in several cases where the restraining order has been vacated to permit the claimant to sue in a state court, it appears that he has previously conceded the right to limit. See W. E. Hedger Transp. Corp. v. Gallotta, supra; The Helen L., 9 Cir., 109 F.2d 884, 885; The Kearny, D.C.E.D. N.Y., 3 F.Supp. 718, 720; The American Transport, D.C.E.D.N.Y., 23 F.Supp. 583, 584. And in one case cited by the appellant, The Vera III, D.C.E.D.N.Y., 24 F.Supp. 421, it was held that since the right was not conceded, the state action should be stayed, the issue of privity or knowledge first tried out in the limitation proceeding, and if found against the petitioner, the petition would be dismissed and the claimant then allowed to proceed with the state court action. See also Petition of Dwyer Lighterage, Inc., D.C.S.D.N.Y., 69 F.Supp. 586, where the right was put in issue by the claimant's answer to the limitation petition.

All recent cases dealing with this subject stem from Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, and the cognate case of Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. The former held that the district court should have granted the claimant's motion to permit his state court action to proceed, but should retain jurisdiction of the limitation proceeding as a precaution against "the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court * * *" 282 U.S. at pages 541, 542, 51 S.Ct. 247, 75 L.Ed. 520. The "unlikely event" happened. In the state court Green put in issue the right of the owner to limited liability, by challenging the seaworthiness of the vessel and the lack of the owner's privity or knowledge. When this was brought to the attention of the court in the limitation proceeding, further prosecution of the state court action was enjoined, but Green was given an opportunity to withdraw in the state court the issue as to the right of the owner to limited liability. This disposition of the matter the Supreme Court approved. 286 U.S. 440, 52 S.Ct. 602, 76 L.Ed. 1212. So far as we can gather from Justice Sutherland's

---

[1] She immediately complied with this requirement.

two opinions, at no time did Green concede the right of the vessel owner to limit. He was restrained from continuing the prosecution of his action if he insisted on putting in issue in that suit the owner's right to limited liability, but the lifting of the injunction was not conditioned upon his filing a concession of the right but upon his withdrawal of the issue from litigation in the state court. No authoritative decision has come to our attention which goes so far as the appellants contend, namely, that a formal concession of the right to limit is a condition precedent to permitting the claimant to proceed to a jury trial in a state court action.

In the case at bar, the appellee, while not conceding the appellants' right to limit, did concede their right to litigate that issue in the federal court. Should it hereafter appear that the issue has been raised in the state court, the district court, which has retrained jurisdiction of the limitation proceeding, has power to enjoin further prosecution of the state action.[2] Such power in our opinion, sufficiently protects the appellants' right of limitation, and we see no abuse of discretion in allowing the action to be commenced without requiring a concession of their right to be filed in the district court.

■ As appears from the appellants' reply brief, what they fear is that adjudication in the state court action may through some application of the doctrine of res judicata impair their right to limit should that issue thereafter come to trial in the limitation proceeding. If, for example, in support of the charge of negligence, the appellee should adduce evidence that the appellants' officers had seen the defects in the coalboat which are alleged to have contributed to the decedent's falling overboard, the appellants fear that a verdict for the plaintiff might be effective as an estoppel on the issue of their privity and knowledge. As a precaution against that possible danger, we think it would be reasonable and fair to all parties to require the appellee to file in the district court a statement that she waives any claim of res judicata relevant to the issue of limited liability and based on any judgment she may obtain in the state court action. The order on appeal will be modified to incorporate such a provision, and so modified is affirmed. No appellate costs are awarded.

---

[2] Item 6 of the order on appeal should be so construed as not to contradict the jurisdiction reserved by item 7.