**732**

Petition of REPUBLIC OF (SOUTH) KOREA, and Korean Shipping Corporation, for exoneration from and limitation of their liabilities as owners and operators of THE Steamship DONG HAE.

Civ. No. 62-59.

United States District Court
D. Oregon.

June 29, 1959.

John R. Brooke, Wood, Matthiessen, Wood & Tatum, Portland, Or., for petitioners.

William M. Dale, Jr., Hicks, Davis, Tongue & Dale, Portland, Or., for libelant Royston.

Arno H. Denecke, Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, Or., for claimant Pacific Far East.

EAST, District Judge.

On August 22, 1958, Cyril Walfred Royston (Royston) filed his libel in this Court, Civil No. 9955, against the vessel Dong Hae (named in the above caption) alleging that while said vessel was at anchorage at San Francisco Bay on or about August 18, 1958, at or about the hour of 10:30 p. m., he was aboard in

the capacity of marine cargo inspector and was a business invitee. Further, that while performing his duties he fell into the lower hold and was injured, all due to the alleged negligence of the petitioners herein and the unseaworthy condition of the said vessel.

Thereafter, and on February 13, 1959, these proceedings for exoneration or limitation of liability were initiated, and on said date this Court by its order, inter alia, approved

"the ad interim stipulation filed herewith and cause due appraisement to be made of the value of petitioners' interest in said Steamship Dong Hae and her pending freight, if any, and that the Court make an order directing your petitioners to file a stipulation with surety to be approved by the Court for the payment into Court of petitioners' said interest, whenever the Court shall so order."

directed

"the issuance of a monition to all persons claiming damages for any and all loss, damage or injuries done, occasioned or incurred as a result of said accident on the Steamship Dong Hae, citing them to appear before this Court and make due proof of their respective claims and also to appear and answer the allegations of this petition at or before a certain time to be fixed by the monition."

and enjoined and restrained

"the commencement or prosecution of any and all suits, actions, libels or proceedings before this Court, or any other Court, and including the said libel in this Court, civil No. 9955 above described, against your petitioners or the Steamship Dong Hae for damages, losses or injuries arising out of or occasioned by or resulting from the aforesaid accident on the Steamship Dong Hae occurring on or about August 18, 1958, except in this present proceeding."

Pursuant to such monition, Royston, on March 27, 1959, answered the petition herein by way of general denials, and, as an affirmative matter, realleged the grounds of his libel aforesaid. In his answer Royston prayed for leave to proceed with his libel. Also on said date Royston filed his claim herein based on the identical alleged facts of his libel, asking judgment in these proceedings in the sum of $500,000.

On May 13, 1959, Royston moved this Court for an order vacating and dissolving the portion of the order of this Court, dated February 13, 1959, which enjoined and restrained the commencement or prosecution of any and all suits, actions, libels or proceedings in any Court against petitioners or against the S.S. Dong Hae with respect to any claims arising out of or connected with the accident to Royston aboard the S. S. Dong Hae on August 18, 1958, and for a further order permitting him to commence and prosecute in the United States District Court for the Northern District of California, Southern Division, a civil action for damages against Korean Shipping Corporation and Pacific Far East Line, Inc., owners and operators of the S.S. Dong Hae, arising out of said accident to Royston wherein he was allegedly severely injured, and staying further proceedings until after termination of the civil action to be filed in the United States District Court for the Northern District of California, Southern Division.

It appears that no other claim by any person has been or can be filed against the said vessel or the petitioners herein, except Pacific Far East Line, Inc., a corporation of Delaware, having offices at 141 Battery Street, San Francisco, California (Pacific), making a contingent claim for indemnity against the above named Korean Shipping Corporation, a corporation, and the said S.S. Dong Hae, her engines, tackle and gear.

Pacific, in its contingent claim, alleges that it was, pursuant to a husbanding agency agreement, acting for petitioner Korean Shipping Corporation in hus-

banding vessels at the time of Royston's alleged injury, and further alleges that if Royston is successful in getting a judgment or decree against Pacific, Pacific, by reason of its relationship to said vessel and the petitioner, will have a right of indemnity over and against said vessel and the petitioner for said costs and expenses incurred and the amount of said judgment or decree possibly rendered against Pacific.

Royston rests his position upon the "single claimant" case theory, as developed through Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212;[1] and Petition of Red Star Barge Line, 2 Cir., 160 F.2d 436.[2]

1. The Law of Admiralty, Gilmore and Black, Ch. X, Limitation of Liability, p. 692:

"Until 1914 there was doubt whether a shipowner had any right to petition for limitation of liability against a single claim. The doubt was based on the observation that the relevant sections of the Limitation Act referred to claims and claimants in the plural as well as on the 'concourse of claims' theory of the limitation proceeding. In White v. Island Transp. Co., [233 U.S. 346, 34 S. Ct. 589, 58 L.Ed. 993], the Supreme Court set these doubts at rest, holding that the limitation proceeding was available in the single claim as in the multiple claim situation, thus preferring the policy of the Limitation Act over the policy of the saving to suitors clause.

"In 1931 in Langnes v. Green the Supreme Court reconsidered the question and this time attempted to find a solution which would preserve the policies underlying both statutes. Such a feat called for no mean powers of judicial sleight of hand; it is not surprising that the courts below found the mandate in Langnes v. Green so obscure that the case was promptly returned to the Supreme Court docket, this time captioned Ex parte Green, for the Court to explain in a second opinion what it had meant by the first. The two Green cases, which in effect overruled the White case, were the Supreme Court's last contributions to the subject; they remain the essential gospel on the handling of single claim cases where plaintiff elects to sue at common law and defendant seeks to move the case into admiralty by petitioning for limitation.

"The facts in the Green cases were as follows: Green, an employee on board the fishing vessel Aloha, sued Langnes, owner of the vessel, in state court to recover for personal injuries. Two days before the trial date of the state court proceeding Langnes petitioned the appropriate federal district court for limitation of liability. The district court enjoined further prosecution of the state court action and issued a monition requiring all claims to be filed against Langnes within a fixed time. Green filed a claim for $25,000 and no other claim was filed. The parties stipulated the value of the Aloha to be $5,000. On this state of the proceedings Green moved to dissolve the injunction and to be allowed to proceed with his state court action. The district court denied the motion, tried the case on the merits, held that Langnes was not liable to Green in any amount and entered judgment accordingly. The Supreme Court, commenting that the problem presented to the district court was 'quite simple', held that, in the exercise of its discretion, the trial court should have allowed the state court action to proceed 'retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but * * * unlikely event that the right of petitioner to a limited liability might be brought in to question in the state court * * *'" [Cases cited]

2. The Law of Admiralty, Gilmore and Black, Ch. X, Limitation of Liability, p. 694:

"The two Green opinions established the broad outlines of the practice which has ever since been followed, although it required a substantial volume of work in the circuit courts before the details were filled in. The most important of the subsidiary details was the exact content of the stipulation that plaintiff had to agree to in the limitation proceeding as a condition of getting back into the state court, and, in particular, whether he had to concede the defendant's right to limit (as some district courts held) or merely defendant's right to have the limitation issue litigated in the admiralty court. The Second Circuit in 1947 decided that only the right to litigate had to be conceded and has since been followed by other courts. [Petition of Red Star Barge Line, supra.]

"The procedure which has been worked out under the Green cases is as follows: a single claim plaintiff who wishes to prosecute a common law action after

The petitioners counter that the filing of Pacific's contingent claim removes these limitation proceedings from the "single claimant" case, citing 3 Benedict on Admiralty, Sixth Ed., Limitation of Liability, § 492, p. 398.[3] This Court rejects this authority so far as it may tend to hold that limitation of liability is available only in the "two or more claims" cases, and further, this Court holds that neither the claim of Royston nor the specific claim of Pacific are "suits on personal contracts."

It now revolves upon this Court to determine herein whether Pacific's "contingent claim" is an independent claim arising from the accident or incident complained of by Royston and being separate and distinct from Royston's claim. The proctors for the respective parties cited no authority for this crucial point, and independent search by the Court has uncovered none, unless Red Star Barge, supra, points out the guideposts. Reason tells us that Pacific's claim is dependent upon the success of Royston's claim. Therefore, there is a single claim against the petitioners herein. There can only be one claim made enforceable against the petitioners. That is Royston's claim directly against petitioners, or Royston's claim, through Pacific, by way of indemnity, against the petitioners. It is true that Pacific's claim of indemnity against the petitioners, if ripened, could be larger or greater than Royston's recovery, if had by reason of "costs and expenses incurred" by Pacific in defense. However, these "costs and expenses" are not independent claims, but are merely incidental to Royston's claim made enforceable through an indemnitee.

It is interesting to note that under the facts of Red Star Barge, supra, the petitioners were Red Star Barge Line, Inc., as owner, and Red Star Towing & Transportation Company, as charterer, of the coalboat "Red Star 40" and were petitioning for limitation of, or exoneration from, liability on the claim of Dolores Rose Force arising out of an accident which resulted in the death of the bargee of the coalboat. From an order vacating a restraining order previously granted and permitting the claimant to sue in a state court, the petitioners appealed. And the Court said, 160 F.2d at page 437:

"Since the accident resulted in only one possible claim against the limitation petitioners, the appellee's right to sue in a state court, where she can obtain the advantage of a jury trial, could not be doubted, if she had filed in the limitation proceeding her consent to the petitioners' right to limit liability, * * "

This Court firmly concludes that under the present posture of these proceedings they constitute a "single claim" case, and the doctrines and procedures outlined in the Law of Admiralty, pp. 694–5, *supra,* apply, and further, that discretion dictates that Royston's motion should be granted upon meeting the following conditions, viz.:

a) File his claim in the limitation proceeding.

This condition has been met by Royston.

the shipowner has filed a petition for limitation must

"a) file his claim in the limitation proceeding;

"b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;

"c) consent to waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court;

"d) concede petitioner shipowner's right to litigate all issues relating to lim-

itation in the limitation proceeding." [Cases cited.]

**3.** "When the Limitation Proceeding Supersedes All Others. Whenever there are two or more claims presented or threatened, in respect of his vessel and of a single event or occasion if the vessel be in port or of a single voyage if the vessel be on a voyage, the shipowner's limitation petition, the monition and the injunction supersede all other civil proceedings in every court except (1) suits for wrongful death under a foreign law, and (2) suits on personal contracts, and (3) suits for seamen's wages."

b) Where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation.

Royston, in paragraph XI of his answer herein, "denies that he has any knowledge or information sufficient to form a belief" as to the alleged value of the vessel of $310,000, and nowhere in the record does it appear that Royston concedes the sufficiency of the ad interim stipulation herein in the amount of $350,250.

c) Consent to waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court.

This condition is satisfied by the following language contained in the affidavit of William M. Dale, Jr., one of the proctors for Royston, filed in support of the motion, wherein it is deposed:

"Further, claimant waives any claim of res judicata relevant to the issue of limited liability and based on any judgment which he may obtain in the civil suit."

d) Concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

This condition is satisfied by the following language contained in said affidavit:

" * * * claimant and his proctors concede that all questions of limitation of liability are reserved for and shall be litigated in the Courts of the United States."

Therefore, It Is Considered, Adjudged and Ordered that:

(1) Royston be and hereby is granted leave to commence within a reasonable time and thereafter prosecute in the United States District Court for the Northern District of California, Southern Division, a civil action for damages against Korean Shipping Corporation and Pacific Far East Line, Inc., owners and operators of the S.S. Dong Hae, arising out of an accident aboard the S.S. Dong Hae on August 18, 1958, wherein Royston claims he was severely injured, and further, that these limitation proceedings be and the same are hereby stayed in their present posture until after the termination of such civil action in said United States District Court, all upon the conditions that:

a) Royston forthwith files herein his concession of the sufficiency of the amount of the ad interim stipulation, namely, $350,250; and

b) Keeps and abides by his proctors' consent and concessions as to conditions c) and d) aforesaid, and return to this Court in these proceedings following disposition of his matter by the United States District Court of California aforesaid.

(2) The restraining order heretofore entered herein on February 13, 1959, be and the same is hereby vacated to the extent of the foregoing leave-granting and permission to litigate his claim in the United States District Court for California aforesaid, against the parties mentioned.