Petition of **HUMBLE OIL & REFINING COMPANY, Chartered Owner of the BARGE H.M.S. 54 for Exoneration from or Limitation of Liability in a Cause of Limitation of Liability.**

**No. 1977.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 7, 1961.

Fulbright, Crooker, Freeman, Bates & Jaworski, Thomas A. Brown, Jr., Houston, Tex., for Humble Oil & Refining Co.

Thompson, Hippard & Gibson, David A. Gibson and James J. Hippard, Houston, Tex., for claimant Beverly L. Reagan.

INGRAHAM, District Judge.

Claimant Beverly L. Reagan, widow of deceased, Joseph G. Reagan, acting individually and as next friend for her minor son and the only surviving child of said deceased, moves that she be permitted to litigate the liability of Humble Oil and Refining Company for her husband's death in a district court of the State of Texas.

■ Disposition of Mrs. Reagan's motion hinges upon the number of independent claims that have been or may be brought against Humble in connection with the facts which gave rise to the limitation proceeding. The law is settled that if there is only one claim presented in the proceeding for limitation of liability, even though that claim exceeds the limitation fund, the claimant may maintain an action in the state court if it is conceded of record that all questions of limitation of liability are reserved for the admiralty court. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931). If more than one claim is presented and the aggregate of the claims exceeds the limitation fund, then bringing of claimants into "concourse" is called for, and the proper forum would be that of the limitation proceeding.

■ Humble contends that more than one claim is involved here inasmuch as the claimant is seeking recovery not only in her own right but in her representative capacity for the deceased's son. Further, Otis Engineering Corporation, the employer of the deceased, demands full and complete indemnification for any liability which it might have to claimant, and Travelers Insurance Company seeks subrogation for monies paid out to claimant under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The contention that these matters amount to multiple claims is rejected.

Mrs. Reagan and her minor son present only one claim for damages inasmuch as the Texas Death Statutes under which she and her son seek recovery allow only one action for damages. Although these statutes designate numerous beneficiaries, they authorize only one recovery of one sum, with the sum recovered to be apportioned among the statutory beneficiaries according to their several rights. Texas & P. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652 (1947). The cases cited by Humble in support of the proposition that these are separate claims have been satisfactorily demonstrated to be not in point, in claimant's supplemental legal memorandum.

■ The petition presented by Otis Engineering Corporation concedes that there is no basis for any present claim by Otis against Humble. All that Otis asserts is to merely place itself on record as demanding full and complete indemnification by Humble if, at some future date, someone should make a claim against Otis arising out of the occurrence in question. Since Otis admits that it has no presently ascertainable basis for a claim, its present posture in the case cannot work to defeat claimant's right to seek a remedy in the forum of her own choosing. If, at a later time, facts emerge to ripen the claim of Otis, or if other parties with valid claims arising out of this occurrence are allowed to assert them against Humble (realizing that the time for filing claims in the limitation proceeding elapsed on October 30, 1961), then a concourse can take over the situation as it then is. Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 159 F.2d 273, 276 (2d Cir., 1950).

The claim of Travelers Insurance Company is derivative of the one presented

by Mrs. Reagan. Travelers seeks only that to which it is entitled as a subrogee under the Texas Workmen's Compensation Act. As to Mrs. Reagan and the Travelers Insurance Company there is only one claim sought to be enforced against Humble, and it is that of Mrs. Reagan. Travelers is simply asserting that, according to Texas law, a portion of Mrs. Reagan's claim belongs to it. In this context, there is no need or mandate for concourse. Compare Petition of Republic of (South) Korea, 175 F. Supp. 732 (D.C.Or.1959).

The motion of claimant Beverly L. Reagan for an order vacating the restraining order entered herein on August 14, 1961, will be granted.

■ The indicated action will render moot Humble's unopposed motion to implead, under Admiralty Rule 56, Stanley Swabbing Service, Inc., and such motion will be dismissed for mootness.

The clerk will notify counsel to draft and submit orders accordingly.