Petition of **INDIANA FARM BUREAU COOPERATIVE ASSOCIATION, Inc.,** as Owner of a **BARGE IG–1001** for Exoneration from or Limitation of Liability.

Civ. A. No. P–2586.

United States District Court
S. D. Illinois, N. D.

Nov. 24, 1964.

---

McConnell, Kennedy, McConnell & Morris, Peoria, Ill., for Indiana Farm Bureau Cooperative.

Heyl, Royster, Voelker & Allen, Peoria, Ill., for Peoria Barge Terminal, Inc.

Cassidy & Cassidy, Peoria, Ill., for T P & W R. Co.

MERCER, Chief Judge.

This cause arises under the statute for limitation of a shipowner's liability, 46 U.S.C. §§ 181–189.

Petitioner is the owner of Barge No. IG–1001. A complaint was filed by the T P & W Railroad Company in the Circuit Court of Peoria County against the petitioner and others, in which it is alleged that the defendants negligently caused said barge IG–1001 and other barges to collide with the railroad's bridge over the Illinois causing damage to said bridge. That complaint prays judgment for a substantial amount, to-wit, $275,000.00. Within six months after that suit was filed, the petitioner filed its petition praying that the state court proceedings be enjoined until its petition was disposed of by this court and for a judgment that petitioner is exonerated from liability for the collision, or that the amount of damages for which petitioner may be held liable is limited to the value of the barge. That value is alleged to be not in excess of $18,000.00. That allegation is supported by affidavit of two appraisers, each fix-

ing the value of said barge at the sum of $18,000.00.

The pertinent statutes provide:

"The liability of the owner of any vessel, * * *, for any * * injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, * * *, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C. § 183(a).

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, * *. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease." 46 U.S.C. § 185.

On April 11, 1963, upon the filing by petitioner of a corporate surety bond in the amount of $18,000.00, the court entered an order, inter alia, restraining the further prosecution, or commencement, of any suits in any other court by any claimant against the petitioner, and ordered that all interested claimants file their claims herein within a day certain.

Subsequent to the entry of that order the State of Illinois has filed a claim for damages in excess of $15,000.00, alleged to have been done to the Franklin Street bridge across the Illinois River.

Motions were filed by the T P & W and Peoria Barge Terminal, Inc., to vacate the April 11th order.

The gist of the T P & W motion is that the petitioner is estopped by its answer filed in the state court in which it denied liability for the occurrence complained of, but did not plead the federal limitation of liability chapter. The answer to the state suit is attached, which, inter alia, denies that this petitioner was in privity with Arrow Transportation Company, which company is alleged to have had control of the barge and to have anchored the barge at Peoria Terminal shortly prior to the alleged collision.

The basis for the Peoria Terminal motion is the contention that the state suit involves multiple parties defendant, and that the litigation should proceed under the pleadings filed in the state courts as to all defendants, including this petitioner, and that the issue of exoneration and limitation of liability can be tried independently of the question of petitioner's right to exoneration or limited liability.

The files show the grounds for each of those motions to be the fact of the matter. As I read the cases, those facts do not provide a basis for the vacating or modification of the court's order.

The limitation of liability statute may be pleaded as a defense to a suit for damages, Deep Sea Tankers v. The Long Branch, 2 Cir., 258 F.2d 757, cert. denied 358 U.S. 933, 79 S.Ct. 316, 3 L.Ed.2d 305; The Chickie, 3 Cir., 141 F.2d 80, 84–85, but, upon a timely petition filed under Section 185, a shipowner has an absolute right to have the issues tried in the limitation proceeding whenever it appears that the value of his interest in the subject vessel is less than the aggregate amount of all claims pending against him based upon an alleged fault of the vessel. Pershing Auto Rentals, Inc., v. Gaffney, 5 Cir., 279 F.2d 546.

A limitation of liability proceeding looks to the "complete and just disposition of a many-cornered controversy" growing out of the alleged fault of a ship.

Hartford Acc. & Indem. Co. v. Southern Pacific Co., 273 U.S. 207, 216, 47 S.Ct. 357, 359, 71 L.Ed. 612 quoted in British Transport Comm'n v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234. The statute was designed to obtain a marshalling of available assets in case where the aggregate claims involved exceed the value of the vessel and her freight pending. Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L. Ed.2d 1246.

Henn was a review of an order staying the court's injunction to permit a claimant to prosecute his claim in a suit pending in a state court. The value of the vessel exceeded the aggregate amount of all pending claims. Under those circumstances, the Court held that it was within the discretion of the trial court to stay its injunction and permit the parties to litigate the issue of liability in the State court. But, the Court said that the act is designed to protect the shipowners claim of limited liability and that the shipowner had the right to have his case tried in admiralty whenever the right of liability might be jeopardized by a trial in a state court. 354 U.S. at 153, 77 S.Ct. 1269.

The Gaffney case contains an exhaustive review of the authorities and a well reasoned dissertation upon the issue presented by these motions. There, the trial court modified its injunction order to allow some of the claimants to proceed with their pending state court suit upon the question of liability, in effect, holding the limitation action in abeyance until the state court had decided the liability question. The value of the vessel was far less than the amount of the claims. The court reversed, holding that the shipowner had an absolute right to have the case tried in admiralty because the value involved was less than the aggregate of claims. Pershing Auto Rentals, Inc. v. Gaffney, 5 Cir., 279 F.2d 546. The court said that the purpose of the limitation of liability proceeding was to marshal insufficient assets for a distribution, pro rata, among the several claimants who might prove their right to participate therein.

Upon the authority of the cited cases, both of the pending motions should be denied. The claims of the State and T P & W far exceed the alleged value of the vessel involved. Petitioner, having invoked the admiralty jurisdiction of this court, is entitled to have the whole of the litigation disposed of by the admiralty court insofar as it relates to the subject of the petitioner's liability for damages. In other words, petitioner is entitled in a single proceeding to have determined the issues of the liability of its vessel to each of the claimants and the question whether it is entitled to have its liability, if any, limited to the value of its vessel at the time of the occurrence.

Value, incidentally, in that context, is construed to mean the salvage value of a vessel after a collision. In the Gaffney case, for example, the court recited the value of the yacht involved as being approximately $500.00, which was the estimated value of the wreckage after an explosion aboard the vessel.

It seems true that some hardships may arise here out of the application of the statute. There are about 9 defendants in the suit pending in the Peoria County Circuit Court. Only the T P & W and Peoria Barge Terminal have entered an appearance in this proceeding. Thus, we have a situation in which the liability of petitioner, alone, will be tried before this court, while the question of the liability of the other state court defendants will remain in abeyance until this suit is concluded. Any hardship, however, cannot override the petitioner's right to invoke the admiralty jurisdiction to resolve its part of the controversy.

The motion of T P & W and the motion of Peoria Barge Terminal, Inc., are denied.