In the Matter of Helena Marine Service, Inc.

HELENA MARINE SERVICE, INC., as owner of the Barge HMS–6, Appellee,

v.

SIOUX CITY and New Orleans Barge Lines, Inc., Appellant.

No. 76–2027.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1977.

Decided Oct. 17, 1977.

---

1. The Honorable Kenneth H. Wangelin, United States District Judge for the Eastern District of Missouri.

Michael D. O'Keefe, St. Louis, Mo., for appellant; Charles B. Roscopf, Helena, Ark., on the brief.

Robert M. Contois, Jr., New Orleans, La., for appellee; Raymond F. Galloway, Helena, Ark., on the brief.

Before GIBSON, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and WEBSTER, Circuit Judge.

WEBSTER, Circuit Judge.

Sioux City and New Orleans Barge Lines, Inc. (Sioux City) appeals from the District Court's denial of its motion to dissolve an injunction entered in a limitation of liability proceeding.

Sioux City is the owner of the M/V Lexington, a towboat operating on the Mississippi River. On November 3, 1974, Mrs. Edith Fiers, a cook on the Lexington, was injured while on board the barge HMS–6, which she was using as a means of egress from the Lexington to shore at Helena, Arkansas. The HMS–6 is owned by Helena Marine Service, Inc. (Helena).

Mrs. Fiers filed a Jones Act claim against Sioux City in the Circuit Court of St. Clair County, Illinois, seeking compensation for her injuries. On July 11, 1975, Helena filed the instant action in the Eastern District of Arkansas, seeking alternatively exoneration from liability or limitation of liability as provided by 46 U.S.C. § 181 *et seq.* Helena

sought to fulfill the statutory preconditions to limitation, including the deposit into the court of $15,000, representing the value of the HMS–6. On July 22, 1975, the District Court,[1] as is the practice in limitation of liability cases, granted an injunction against the prosecution of any claim against Helena or the HMS–6 except by filing a claim in the limitation proceeding. Claimants were ordered to file claims in the District Court before August 29, 1975.

On August 22, 1975, Sioux City filed a claim, stating that it had been sued by Mrs. Fiers in Illinois, that any injury to Mrs. Fiers was the result of negligence and breach of warranty of workmanlike performance by Helena, and that it was therefore entitled to recover from Helena both indemnity for any judgment against it in favor of Mrs. Fiers, and its attorney fees and costs in the Illinois action. Sioux City's was the only claim in the limitation proceedings. Mrs. Fiers has filed no claim against Helena in any court.

On April 13, 1976, Sioux City moved to dissolve the injunction. Its avowed purpose was to join Helena as third party defendant in the Illinois action. In support of its motion to dissolve, Sioux City conceded the sufficiency of the $15,000 deposited as the value of the HMS–6, waived any claim of res judicata as relevant to the issue of limitation of liability, and conceded Helena's right to try all limitation of liability issues in the District Court.[2]

The District Court denied the motion to dissolve the injunction. The Court reasoned:

> [To dissolve the injunction would] make Helena Marine Service amenable to a direct action by Mrs. Fiers, in spite of her default in asserting her claim herein. Further, the Court does not perceive that claimant has a cause of action against Helena Marine Service under its claim of indemnity unless and until it has completed the proceedings in the state court, resulting in judgment against claimant, which claimant has paid. Until these

matters have been finally determined, a cause of action for indemnity would be premature. Claimant further asserts no compelling reason for the dissolution of the injunction and fails to set out any prejudice which might result to it should the injunction be continued and this Court determine those matters over which it has taken jurisdiction in this proceeding.

Sioux City appeals the Court's refusal to dissolve the injunction. Jurisdiction for this appeal is found in 28 U.S.C. § 1292(a)(1).

The purpose of the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.*, is to assure "that the liability for any damage arising from a disaster at sea which is occasioned without the privity or knowledge of the shipowner shall in no case exceed the value of the vessel at fault together with her pending freight, 46 U.S.C. § 183." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150, 77 S.Ct. 1269, 1271, 1 L.Ed.2d 1246 (1957). To achieve this purpose, the statute provides that upon tender to the court of a bond equal in value to the owner's interest in the vessel and freight, or of that interest itself, "all claims and proceedings against the owner with respect to the matter in question will cease." 46 U.S.C. § 185. The District Court having jurisdiction customarily exercises its power to issue a restraining order or an injunction staying all other proceedings. 3 E. Benedict Admiralty § 52 at 6–8 (7th ed. 1975). *See, e. g., Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 547 (5th Cir. 1960); *In re Red Star Barge Line*, 160 F.2d 436, 436 (2d Cir. 1947); *In Re Indiana Farm Bureau Cooperative Ass'n*, 235 F.Supp. 800, 801 (S.D.Ill.1964).

■ In administering equitable relief under § 185, and particularly in deciding whether to dissolve the stay of proceedings to allow claimants to proceed against the shipowner in other courts, the District Court exercises broad equitable discretion. *Langnes v. Green*, 282 U.S. 531, 541, 51

---

1. The Honorable Oren Harris, United States District Court for the Eastern District of Arkansas.

2. Sioux City's stipulation satisfied the formal requisites of *In re Red Star Barge Line*, 160 F.2d 436 (2d Cir.), *cert. denied*, 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859 (1946)

S.Ct. 243, 75 L.Ed. 520 (1937); *Ex parte Green*, 286 U.S. 437, 438, 52 S.Ct. 602, 76 L.Ed. 1212 (1932).

> The term "discretion" denotes the absence of a hard and fast rule. . . . When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.

*Langnes v. Green, supra*, 282 U.S. at 541, 51 S.Ct. at 247.

■ Two Supreme Court decisions have limited the extent to which a district court may exercise this discretion in a limitation proceeding when a motion to dissolve the injunction is presented. In *Langnes v. Green, supra*, the Supreme Court held that the District Court had abused its discretion in refusing to dissolve its stay when only one claimant appeared in the limitation of liability proceeding and nothing appeared to suggest the possibility of other claimants. On the basis of *Langnes*, a refusal to dissolve the stay is usually an abuse of discretion in a ·clear single-claimant case. *The Helen L*, 109 F.2d 884, 886 (9th Cir. 1940); *In Re Putnam*, 55 F.2d 73 (2d Cir.), *cert. denied*, 286 U.S. 558, 52 S.Ct. 641, 76 L.Ed. 1292 (1932); *see In re Red Star Barge Line, supra*, 160 F.2d at 437; *In re Trawler Weymouth, Inc.*, 223 F.Supp. 161, 163 (D.Mass. 1963). The shipowner's interest in limiting liability can be adequately protected in such a case by permitting the claimant to stipulate as set out in *In re Red Star Barge Line, supra*, and to pursue his common law remedies in another forum.

A second restriction on the court's discretion is found in *Lake Tankers Corp. v. Henn, supra*, where the Court found that a refusal to dissolve the stay was an abuse of discretion when the total of the claims filed against the shipowner did not exceed the limitation fund.[3]

In this appeal, Sioux City rests its claim to dissolution of the stay upon *Langnes v. Green, supra*. It is therefore necessary for it to demonstrate that this is a single-claim case. Helena contends that, because Sioux City has filed a claim against it in the limitation proceeding, and Mrs. Fiers also has a potential claim against it, this is not a single-claim case. Sioux City argues to the contrary: (1) that Mrs. Fiers has not filed a claim against Helena anywhere, and is not likely to do so; and (2) that Sioux City's claim is derivative of Mrs. Fiers', so that the two claims are in fact one.

*Mrs. Fiers' Default*

This action was filed in July, 1975. Mrs. Fiers, who is proceeding with her action against Sioux City in Illinois state court, has not sought relief against Helena either below or in the Illinois proceeding. The time period for filing claims in the limitation proceeding has expired. Sioux City claims that this can properly be treated as a single-claim case because the possibility of Mrs. Fiers' filing a claim against Helena is now remote.

■ In determining whether to dissolve the stay of other proceedings, however, a court should not merely consider claims that have been filed. In *Langnes v. Green*, the Court noted that no claims had been filed within the time specified in the limitation proceeding, and also that "nothing appears to suggest the possibility of any other claim." 282 U.S. at 540, 51 S.Ct. at 246. *See also The Helen L, supra*, 109 F.2d at 886 (dissolution required where "[b]ut one claimant appeared in response to the monition and it is not contended that there may be others"); *The Lake Ellendale*, 53 F.2d 415 (E.D.N.Y.1931) (a multiple-claim suit

---

3. Both *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931) and *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957), resulted from the need to reconcile the Limitation of Liability Act with 28 U.S.C. § 1333, which grants jurisdiction over admiralty and maritime cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled." In the fact situations presented by *Langnes* and *Lake Tankers*, a concursus was not necessary to protect the shipowner from liability in excess of the limitation fund; hence the stay of proceedings was dissolved to preserve the claimants' other remedies. *See Lake Tankers Corp. v. Henn, supra*, 354 U.S. at 152–53, 77 S.Ct. 1269.

exists even when two of three claimants have signed releases and have not filed claims).

█ Mrs. Fiers has a potential claim against Helena, whose negligence Sioux City alleges to be the direct cause of her injury. While she did not assert that claim within the requisite period in the limitation proceeding, this does not necessarily bar her from asserting it later. Timely filing of claims in the limitation proceeding is not jurisdictional; courts have entertained claims that were not timely filed.[4] *See, e. g., Meyer v. New England Fish Co. of Oregon*, 136 F.2d 315 (9th Cir.), *cert. denied*, 320 U.S. 771, 64 S.Ct. 83, 88 L.Ed. 461 (1943); *see* G. Gilmore & C. Black, The Law of Admiralty § 10–15 at 853 n.54a (2d ed. 1975).

█ While it is true that the injunction, if now dissolved, could be reinstated if Mrs. Fiers were in fact to file her claim, or should she cross claim against Helena if Helena were impleaded in Illinois, it does not follow that it is an abuse of discretion to refuse to do so in this case.

*Nature of Mrs. Fiers' Claim*

Sioux City contends that, even if Mrs. Fiers were to prosecute her claim against Helena, her claim and theirs would in fact be a single claim for purposes of *Langnes v. Green*. Sioux City claims indemnity for any judgment it is required to pay in favor of Mrs. Fiers. The nature of an indemnity claim suggests that between them, Mrs. Fiers and Sioux City could recover from Helena no more than the amount of a single judgment in favor of Mrs. Fiers.[5] There would be no need for the concursus that is the purpose of the Limitation of Liability Act.

█ Sioux City, however, is also seeking recovery on its own behalf for its expenses in defending Mrs. Fiers' claim. Their separate claim is not measured by Mrs. Fiers' recovery. A direct suit by Mrs. Fiers against Helena could then violate the statutory right to limitation. The aggregate of the two judgments may be greater than the limitation amount. This is precisely the result that the Limitation of Liability Act is intended to prevent. *See Pershing Auto Rentals, Inc. v. Gaffney, supra*, 279 F.2d at 550–51.[6]

We conclude, therefore, that the District Court did not err in denying dissolution of the injunction.[7] The judgment of the District Court is affirmed.[8]

---

4. We do not mean to suggest, of course, that the District Court must now entertain a claim by Mrs. Fiers against Helena if one is presented. Waiver of the default is a matter within the discretion of the District Court, and we intimate no opinion on the question.

5. *See In re Humble Oil & Refining Co.*, 210 F.Supp. 638 (S.D.Tex.1961), *aff'd sub nom., Humble Oil & Refining Co. v. Reagan*, 311 F.2d 576 (5th Cir. 1962); *In re Republic of South Korea*, 175 F.Supp. 732 (D.Or.1959) (both cases treat (1) the claims of an injured party and (2) the claims of a third party, liable for the injury but entitled to indemnity from the shipowner, as a single claim under *Langnes v. Green, supra*).

6. The court in *In re Republic of South Korea, supra*, treated the injured party and the party seeking indemnity as a single claimant (*see* note 5, *supra*), notwithstanding the indemnitee's claim against the vessel owner for the costs of its defense against the injured party's claim. The court did not, however, analyze the consequences of permitting the two parties to recover judgments against the vessel owner in differing amounts. Its opinion, for this reason, is not persuasive.

7. Sioux City argues that it would be subject to the risk of inconsistent judgments if the injunction were continued. The Illinois state court might find Sioux City liable to Mrs. Fiers for Helena's negligence, and the District Court might then find that Helena was not negligent, thereby denying Sioux City indemnity. In a federal system, however, the risk of inconsistent adjudications is not peculiar to this context. It is a risk which must be borne as a consequence of the federal policy permitting a shipowner to litigate all claims against it in a single forum and to limit its liability to the value of the vessel plus its freight. We note further that, in contrast to *Langnes v. Green, supra*, Helena's limitation action in federal court predated any claim against it in state court.

8. The District Court appears to have based its denial of the motion for dissolution in part upon a belief that Sioux City did not have a cause of action against Helena "unless and until it has completed the proceedings in the

**20**

---

state court, resulting in judgment against [Sioux City], which [Sioux City] has paid." This contention is erroneous. Fed.R.Civ.P. 14(a) allows impleader "[a]t any time after commencement of the action" of one who "may be liable to" the defendant "for all or part of the plaintiff's claim against him." Illinois procedure is similar. *See* Ill.Ann.Stat. ch. 110, § 25 (Smith-Hurd). The reasons discussed in this opinion, however, are sufficient to support the order of the District Court.