**Matter of JEFFERSON BARRACKS MARINE SERVICE, INC., charterer and owner *pro hac vice* of the M/V WALTER E. BLESSEY, and Richard Wilson and Walter E. Blessey, owners of the M/V Walter E. Blessey, in an action for exoneration from and/or limitation of liability, Plaintiffs.**

No. 84–0715A(C).

United States District Court,
E.D. Missouri, E.D.

Dec. 28, 1984.

Raymond L. Massey, Nicholas J. Lamb, Thompson & Mitchell, St. Louis, Mo., for plaintiffs.

Mark E. Goodman, Rosenblum, Goldenhersh, Silverstein & Zafft, St. Louis, Mo., for Paul Luster.

Jerome J. Schlichter, Carr, Korein, Kunin, Schlichter & Brennan, St. Louis, Mo., for Byington.

Paul Hetterman, Gray & Ritter, St. Louis, Mo., for Rhonda Saal.

Stolar, Heitzmann, Eder Seigel & Harris, Jay L. Levitch, S. Francis Baldwin, St. Louis, Mo., for claimants Thomas J. Casey, Jean L. Saal, Guardian of Richard F. Saal, Jean L. Saal.

Mogab & Hughes, Richard L. Hughes, St. Louis, Mo., for other defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the court on Claimants' motion to dissolve an injunction which enjoined claimants from prosecution of any actions against plaintiffs or M/V WALTER E. BLESSEY (BLESSEY) arising out of a collision that occurred between the BLESSEY and the P/C Mo.5342AE. For the reasons set forth below, claimants' motion will be denied.

The relevant facts are as follows. On or about October 2, 1983, a collision occurred on the navigable waters of the United States, in which Richard D. Saal and Harold Byington, Jr. died. Jean L. Saal, the wife of Richard D. Saal, and Richard F. Saal, the son of Richard D. Saal and Jean L. Saal, by and through his mother and duly appointed next friend Jean L. Saal, filed a wrongful death suit in the Circuit Court of St. Louis County against Jefferson Barracks Marine Service. Thereafter, Doris Buchert, Patricia Groller and Rhonda Jo Saal, the adult children of Richard D. Saal, sought leave to intervene. Jefferson Barracks Marine, Inc., the charterer and owner *pro hac vice* of the BLESSEY, and Richard Wilson and Walter E. Blessey, the BLESSEY's owners, filed an action for exoneration and/or limitation of liability, and subsequently obtained the injunction in issue.

Claimants' motion involves the obvious conflict between the purposes of the Limitation of Liability Act, 46 U.S.C. § 183, et seq., and the "saving to suitors" clause in 28 U.S.C. § 1333. In *Universal Towing Company v. Barrale*, 595 F.2d 414 (8th Cir.1979), the court stated that where the conflict exists claimants may choose their forum only when 1) the limitation fund exceeds the total of all claims, or 2) there is only one claim, regardless of the amount. *Barrale, supra*, at 418. In these two instances the district court must dissolve the injunction unless the owner can demonstrate that the right to limited liability

would be prejudiced. *Barrale, supra*, at 420.

■ Plaintiffs argue that dissolution of the injunction would prejudice them by depriving them of their right to concursus. The Limitation of Liability Act is designed to determine liability and appropriately distribute funds where multiple claims arising from a maritime disaster exceed the value of the vessel. Claimants state that they will stipulate that their award must be limited to the value of the vessel minus the amount of the Byington settlement. By doing so, they contend that their claims would not exceed the value of the vessel; they also maintain that no other claimants remain to endanger exceeding that limit.

Claimants may be unable to guarantee that other litigants will not come forward in the state court. There may be claimants who have not filed suit. Jean Saal claims that she is the common-law wife of decedent Richard D. Saal. Prior to this relationship, Richard D. Saal had been married four times. Jean Saal denies that Rhonda Jo Saal is the daughter of Richard D. Saal; however, Rhonda Jo Saal claims she is the daughter of Richard D. Saal by one of his previous wives. Doris Buchert testified that she did not know whether Richard F. Saal was Richard D. Saal's son, and Patricia Groller testified that he was not.

■ In deciding whether to dissolve a stay of proceedings, the district court exercises broad equitable discretion. *Helena Marine Service, Inc. v. Sioux City*, 564 F.2d 15, 17 (8th Cir.1977). A court should not merely consider claims that have been filed, even where the statute of limitations has already run. *Helena Marine, supra*, at 18–19. Due to the conflicting views as to the identities of Richard D. Saal's wives and children, and consequently, the obvious uncertainty that exists as to future claimants, dissolution of the injunction would be improper. It would make plaintiffs amenable to additional claims in state court, consequently prejudicing their right to limit liability.

Accordingly, claimants' motion to dissolve the injunction will be denied.